UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
IN TRENTON

| | |
|---|---|
| Wuxi Gougelila Electronic Commerce Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> North Star Home, LLC A/K/A NorthStarHome <br><br> Defendant. | Case No. _____ <br><br> Judge: <br><br> JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Wuxi Gougelila Electronic Commerce Co., Ltd. ("Plaintiff"), by and through undersigned counsel, hereby brings the present action against North Star Home, LLC filed herewith ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant has a principal place of business at 177 Terhune Road, Princeton, NJ 08540 and directly targets business activities toward consumers in the United States, including New Jersey, through at least the fully interactive, internet e-commerce store operating under the alias of NorthStarHome and Amazon ASIN: B0F32Y64CH. Specifically, Defendant has targeted sales to New Jersey residents in this District by setting up and operating e-commerce stores that target United States consumers, offering to ship to the United States, including New Jersey, accept payment in U.S. dollars, and,

1

on information and belief, have sold products featuring Plaintiff's patented design to residents of New Jersey. The Defendant is committing tortious acts in New Jersey, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of New Jersey.

## THE PARTIES AND THE INTELLECTUAL PROPERTY AT ISSUE

3. Plaintiff is a Chinese company having a principal place of business at 2nd Floor, No. A3-65, Dacheng Industrial Park, South of Xiwei 2nd Road, West of Shangsheng Road, Anzhen Subdistrict, Xishan District, Wuxi City, China.

4. Plaintiff has been engaged in the business of designing, sourcing, and marketing pet playpen products ("Plaintiff's Products") which is covered by U.S. Patent No. D1,085,555 ("the 'D555 Patent") entitled "Pet Playpen," which was duly and legally issued on July 22, 2025. Attached hereto as **Exhibit 1** is a true and correct copy of the 'D555 Patent.

5. As recorded with the U.S. Patent Office at reel/frame 072118/0667, all rights in the 'D555 Patent were assigned to Plaintiff effective November 10, 2023 (**Exhibit 2**); thus, Plaintiff is the lawful assignee of all right, title, and interest in and to the 'D555 Patent.

6. At all times relevant, the owner of the 'D555 Patent and any assignee complied with the federal patent marking statute, 35 U.S.C. § 287(a).

7. A Representative figure from the 'D555 Patent is reproduced below:

| Patent Number | Representative Figure | Issue Date |
|---|---|---|
| U.S. D1,085,555 | | July 22, 2025 |

8. Plaintiff's Products can be purchased from Amazon. Since at least as early as April 2024, Plaintiff, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, exported, and/or sold Plaintiff Products to consumers in the United States.

9. Plaintiff's pet playpen products are loved by consumers at least because of the unique design claimed in the 'D555 Patent.

10. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that directly and/or indirectly infringe the 'D555 Patent (**Exhibit 3**), and will continue to do so without a Court Order to restrain it. An example of Defendant's infringing pet playpen products is shown below:



11. Defendant's infringement of the 'D555 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

12. Defendant's infringement of the 'D555 Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of the infringing pet playpen product into New Jersey, is irreparably harming Plaintiff.

13. Defendant traded upon Plaintiff's patented design under the 'D555 Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed pet playpen products.

## **COUNT I**
Infringement of the 'D555 Patent
35 U.S.C. § 271

14. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

15. Defendant knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

16. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use a product that infringes directly and/or indirectly the 'D555 Patent.

17. Specifically, Defendant has infringed and continues to infringe the claim of the 'D555 Patent by making, using, importing, selling, and/or offering to sell the infringing pet playpen products in the United States without authorization from Plaintiff.

18. Defendant has profited by its infringement of the 'D555 Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

19. Defendant has infringed the 'D555 Patent and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, including but not limited to price erosion and reputational damage. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

20.     Plaintiff is entitled to recover damages adequate to compensate for the infringement of the 'D555 Patent, including Defendant's profits pursuant to 35 U.S.C. § 289 or in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

21.     Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

22.     Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.      That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendant be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing pet playpen products; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing pet playpen products; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B.      Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing pet playpen products;

  C. That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate it for Defendants' infringement of the '555 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, pursuant to 35 U.S.C. § 284;

  D. That the amount of damages awarded to Wuxi under 35 U.S.C. § 284 for infringement of the 'D555 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

  E. In the alternative to Plaintiff's lost profits or a reasonable royalty under 35 U.S.C. § 284, that Plaintiff be awarded all profits realized by Defendant from Defendant's infringement of the 'D555 Patent pursuant to U.S.C. § 289;

  F. That Plaintiff be awarded its interest and costs pursuant to 35 U.S.C. § 284; and

  G. That this Court award any and all other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: October 5, 2025        Respectfully Submitted,

                /s/lance liu
              BY: Lance Liu, Esq.
                15 Minuteman Circle
                Southbury, CT 06488
                Bar No. 001331999
                Email: lanceliu2000@gmail.com
                Phone: (203)706-9536

                Attorney for Plaintiff

## VERIFICATION

I, <u>Jinxin Mu</u>, hereby declare and state that:

1. I am the manager of Wuxi Gougelila Electronic Commerce Co., Ltd. ("Plaintiff"). As such, I am authorized to make this verification on behalf of Plaintiff.

2. I have read the foregoing verified complaint, and based on my personal knowledge and my knowledge of information reported to me by my subordinates and colleagues who report to me, the factual allegations contained in the foregoing complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: October _5_, 2025

_____
Name